NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000693
06-FEB-2015
07:45 AM

NO. CAAP-12-0000693

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MARY L. FARIA, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 11-1-2373)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Mary L. Faria (Faria) appeals from the Judgment of Conviction and Sentence, filed on July 5, 2012, in the Family Court of the First Circuit (family court).[1]

Faria was convicted of Abuse of Family or Household Members, in violation of Hawaii Revised Statutes (HRS) § 709-906(1) (Supp. 2011),[2] as a result of a physical altercation with her husband, Kenneth Faria (Kenneth) on December 2, 2011.

---

[1]  The Honorable Faʻauuga L. Toʻotoʻo presided.

[2]  HRS § 709-906(1) provided in pertinent part:

> §709-906  **Abuse of family or household members;**
> **penalty.**  (1)  It shall be unlawful for any person, singly
> or in concert, to physically abuse a family or household
> member . . . .
>
> For the purposes of this section, "family or household
> member" means spouses or reciprocal beneficiaries, former
> spouses or reciprocal beneficiaries, persons who have a
> child in common, parents, children, persons related by
> consanguinity, and persons jointly residing or formerly
> residing in the same dwelling unit.

On appeal, Faria contends that the family court erred by prohibiting her from introducing evidence of two prior incidents involving Kenneth's aggressive behavior and a photograph of a hole in a door which Faria alleges was caused when Kenneth punched the door while angry at Faria (Subject Evidence). In excluding the Subject Evidence, the family court held that it was irrelevant and would confuse the issues. Faria argues that the Subject Evidence was admissible to support her defense that Kenneth was the first aggressor and that Faria acted in self-defense during the December 2, 2011 incident.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Faria's point of error as follows, vacate her conviction, and remand for a new trial.

In pre-trial proceedings in the family court, Faria filed two notices indicating that she may seek to introduce evidence of Kenneth's history of violence. The evidence involved two separate incidents. In the first incident, Faria contends that on August 5, 2010, she and Kenneth were arguing and he went into her closet, took out all of her clothes, threw them on the porch, and some of the clothing was damaged. In the second incident, Faria contends that in September 2011, Kenneth learned that their son received an "F" on a report card, blamed Faria, and got so angry that he punched a hole in a door at their house. Faria also sought to introduce a photograph of the damaged door as an exhibit.

The State, in turn, filed a motion *in limine* seeking exclusion at trial of any evidence of Kenneth's prior bad acts or prior aggressive conduct, pursuant to Hawai'i Rules of Evidence (HRE) 404 and/or 403.

After a hearing on the admissibility of the Subject Evidence, the family court ruled that the Subject Evidence "will be irrelevant and would be confusing the jury as opposed to what really happened on the day in question which was December 2,

2

[2011]."  The family court thus precluded the defense from presenting any evidence about the prior incidents.

Given HRE Rule 404, Faria contends the family court erred by precluding admission of the prior incidents.[3]  Faria also relies on State v. Lui, 61 Haw. 328, 603 P.2d 151 (1979), State v. Basque, 66 Haw. 510, 666 P.2d 599 (1983), and State v. Estrada, 69 Haw. 204, 738 P.2d 812 (1987).  Given the circumstances in this case, and that determining the aggressor during the December 2, 2011 incident is a central issue, we agree with Faria.

Both parties testified that on the evening of the December 2, 2011 incident, they had been drinking alcohol at two

---

[3]  HRE Rule 404 provides in relevant part:

> **Rule 404  Character evidence not admissible to prove conduct; exceptions; other crimes.**  (a) Character evidence generally.  Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> . . . .
>
> (2)  Character of victim.  <u>Evidence of a pertinent trait of character of the victim of the crime offered by an accused</u>, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;
>
> . . . .
>
> (b)  Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.  In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

(Emphasis added.)

3

bars and then got into an argument because Faria kissed two of Kenneth's friends on the lips as they were leaving. After leaving the last bar, Kenneth was driving them home and their argument continued. However, their testimonies diverge at this point as to how the incident occurred and who was the aggressor.

Kenneth testified, *inter alia*, that he was explaining to Faria that her kissing his friends was disrespectful to him and she put her hand in his face several times, as if to tell him to "[s]hut up." She then pushed his face and he stopped the car and asked her to exit. When Faria refused to get out, Kenneth tried to push her and she began flailing her arms and punched him in the face, mouth and nose. Kenneth claims he thereafter got out of the car and asked Faria to get out. Faria then moved over to the driver's seat, breaking the center console, and slowly drove about 20 yards down the street until she had to stop at a traffic signal. When Faria stopped, Kenneth opened the passenger door, reached into the vehicle, turned off the engine, and took the keys. Kenneth called 911 for assistance. On cross-examination, Kenneth testified, *inter alia*, that he was angry because Faria was too friendly with his friends.

Faria testified, *inter alia*, that Kenneth was angry as he talked to her about kissing his friends. She claims she was scared and thought the situation was blown out of proportion. As Kenneth was driving out of the parking lot, he stopped and told her to "[g]et the F out of the car." Kenneth pushed her violently to "[g]et the F out" and she claims he pushed her numerous times. Kenneth unlatched her seat belt and reached over to open her door from the inside. Faria claims she put her hands in Kenneth's face because she was trying to get him off of her, just back him up. She testified that she was "kind of flailing" trying to just get Kenneth off of her. Faria denies breaking the center console.

The State contends that Lui and Basque are inapplicable because a prior bad act would not be relevant unless the violent or aggressive conduct involved offensive physical contact,

physical injury, or the immediate threat of such upon an individual. That is, if the complainant's prior "violent" or "aggressive" conduct was not committed upon an individual, such as the Subject Evidence in this case, the State argues that such conduct is not relevant to a claim of self-defense. The State also cites Estrada, in support of its argument that only prior bad acts involving violence and aggression are relevant to self-defense. The State argues that it is "unaware of any Hawai'i case when the factual issue is, as between the defendant and the other person, who was the aggressor, where the appellate courts found the trial court abused its discretion in precluding the introduction of a prior bad act by the complainant *and* the violent or aggressive conduct did *not* involve offensive physical contact, physical injury, or the immediate threat of such upon an individual."[4]

HRE Rule 404 "operates to exclude generally evidence of a person's character 'for the purpose of proving that he acted in conformity therewith on a particular occasion.'" Rule 404, cmt. However, HRE Rule 404 expressly provides for certain exceptions to the general rule, including "[e]vidence of a pertinent trait of character of the victim of the crime offered by an accused[.]" HRE Rule 404(a)(2). Further, as noted in Basque, the Hawai'i Supreme Court has "treated general character evidence <u>and</u> <u>specific prior acts</u> . . . the same for purposes of corroborating a defendant's self-defense claim as to who was the aggressor." 66 Haw. at 514, 666 P.2d at 602 (emphasis added).

Despite the State's contentions that HRE Rule 404 does not allow admission of prior bad acts that did not involve offensive physical contact, physical injury, or the immediate threat of such upon an individual, the rule does not indicate

---

[4] The State argues that this court may find that Faria's failure to give proper notice of her intent to use HRE Rule 404 evidence is a sufficient basis to uphold the family court's exclusion of such evidence. However, the family court specifically overruled the State's objection as to timeliness of notice as a ground to exclude the photograph. The State did not challenge the family court's ruling on appeal.

such a limitation. Moreover, <u>Estrada</u> suggests otherwise. In <u>Estrada</u>, the Hawai'i Supreme Court held that "prior bad acts which indicate a propensity for violence, <u>aggression,</u> or abuse of police powers" were relevant where the defendant claimed self-defense alleging that a police officer was the first aggressor. 69 Haw. at 215, 217, 738 P.2d at 821, 822 (emphasis added).

The family court denied admission of the prior bad acts evidence because it "would be confusing the jury as opposed to what really happened on the day in question . . . ." HRE Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, the prior bad acts evidence is clearly relevant. As asserted by the defense, these incidents suggest that Kenneth has a propensity for aggressive conduct toward Faria. Given the testimony in this case, the key issue is whether Faria or Kenneth was the aggressor on December 2, 2011. Only Faria and Kenneth testified at trial. Thus, the jury was required to determine which version of the facts to credit. Similar to <u>Basque</u>, there is a genuine factual dispute in this case whether Faria or Kenneth was the aggressor, and in this circumstance, the trial court generally should not prohibit a defendant from presenting evidence of a victim's prior aggressive acts for the purpose of determining who was the aggressor in the incident. <u>See</u> <u>Basque</u>, 66 Haw. at 514-15, 666 P.2d at 602-03. Without evidence of Kenneth's prior aggressive acts and the photograph, Faria was unable to fully support her defense. Further, we are convinced that admission of the Subject Evidence would not confuse the issue as to what happened on December 2, 2011. The prior bad acts Faria sought to admit had allegedly occurred in August 2010 and September 2011. The prior incidents were not so related in nature so as to be confused with, or to cause confusion about, the incident on December 2, 2011. Given the circumstances in this case, we conclude that the

family court abused its discretion in excluding the prior bad acts evidence at trial.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence, filed on July 5, 2012, in the Family Court of the First Circuit is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawai'i, February 6, 2015.

On the briefs:

Page C. Kraker
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge